## STATE OF MAINE *vs.* FRANCIS MURPHY.

### *Manslaughter.*

Immaterial instructions are no ground for exceptions.

In this case the jury were instructed that, if the respondent, " in the heat of blood, and upon sufficient provocation," threw the deceased down stairs, the offense was manslaughter; subsequent instructions showed that this word "sufficient" was used as equivalent to the words "great and sudden;" *held*, that the prisoner had no cause for exceptions.

ON EXCEPTIONS to the ruling of Goddard, J., of the superior court.

The respondent was indicted for the murder of one Patrick Murray, at Portland, on the third day of September, 1869, by throwing him down the stairs of the defendant's hotel, where the deceased had created a disturbance, persisting in attempts to enter the rooms of some female guests of the house and resisting removal. The respondent testified that Murray tried to throw him (Murphy) down stairs ; and that when his hold upon the prisoner's coat was broken, Murray fell down the stairs. The jury convicted the prisoner of manslaughter ; and, together with other exceptions, upon which the court express no opinion, and which, therefore, need not be stated,—his counsel excepted to the use of this language in the charge to the jury : "If Murphy, in the heat of blood, upon sufficient provocation, after reaching the head of the stairs, threw Murray down, then this offense is reduced to manslaughter."

The cause was presented to the jury by *Wm. P. Frye, Esq.,* then attorney-general, and *Nathan Webb, Esq.,* county-attorney for the government ; and by *George F. Shepley, Esq.,* for defendant.

The exceptions were argued by *A. A. Strout, Esq.,* for the respondent, and by *Thos. B. Reed, Esq.,* attorney-general, for the State.

APPLETON, C. J. The respondent, upon an indictment for murder, was found guilty of manslaughter. It is unnecessary to consider the instructions as to murder, or the distinctions taken as to different offenses; as between murder in the first or second degree, or between those offenses and manslaughter, inasmuch as the jury have acquitted the respondent of the graver charge. Whether they were right or wrong, the result has rendered them immaterial. If right, there is no cause of complaint. If wrong, the prisoner, having been acquitted of murder, was not harmed thereby; and, consequently, not having, in the result, been aggrieved, he cannot have any valid exceptions to rulings which did him no injury.

The only remaining inquiry is, whether the instructions as to manslaughter were correct. Upon this branch of the charge, the only exceptions taken is to these words : " If Murphy, in the heat of blood, upon sufficient provocation, after reaching the head of the stairs, threw Murray down, then this offense is reduced to manslaughter, which is punishable with fine, confinement in jail, or imprisonment in the State's prison."

The law on the subject is thus stated in 2 Archbold, Cr. Pleading, 226 : " No provocation will justify a man in killing another, nor will it excuse him. Killing on provocation, therefore, must be manslaughter or murder." The presiding judge, after stating the distinction between murder in the first and second degree, then proceeds as follows : " To reduce the offense to manslaughter the jury must be satisfied, from the facts proved, that the assault was not the result of preconceived anger, but upon great and sudden provocation, given at the time in mutual combat. In other words, although Murphy had a right to remove Murray with or without the assistance of Shea, if, in removing him down the stairway, he used a greater degree of force than he had reason at the time to suppose was necessary and reasonable, and thereby Murray was killed, Murphy is guilty of unlawful homicide." In another portion of the charge he adds : "If the preponderance of the evidence satisfies you that he had a sedate, deliberate, fixed purpose

to take the life of Murray, then, I say, it is murder in the first degree, even though that purpose had been entertained but for a moment. If you find that, in the heat of blood, under sudden provocation, he was thrown down stairs, then the law reduces it to manslaughter."

Taking all the instructions relating to the offense of manslaughter together, it is impossible that the jury could have misconceived their meaning. The sentence first quoted is all to which the learned counsel for the prisoner objects, and that is so clearly qualified by what follows that the jury could not have misunderstood it. No mere provocation is sufficient to justify a homicide. The word "sufficient," as subsequently was fully and clearly explained, meant only "great and sudden" provocation.

In another portion of the charge, the jury had been instructed to acquit the prisoner, if they believed his account of the transaction. The verdict shows they did not. The defendant, not being aggrieved by the instructions given on the subject of manslaughter, the exceptions must be overruled.          *Exceptions overruled.*

.KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.